IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MONTY DORIAN ABEYTA-FRY                                          PLAINTIFF

                v.                      Civil No. 13-5207

KOA LEE, Public Defender; AMY
DRIVER, Assistant District Attorney;
SHERIFF TIM HELDER, Washington
County, Arkansas; PARTICIPATING
MEMBERS OF THE 4TH JUDICIAL
DRUG TASK FORCE; and JERRY
BLOUNT, Confidential Informant                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint (Doc. 4) and addendum (Doc. 2), Plaintiff's public defender, Kao Lee, conspired with the prosecuting attorney, Amy Driver, Sheriff Helder, members of the 4th Judicial Drug Task Force, and confidential informant, Jerry Blount, to coerce Plaintiff into taking a plea agreement. (Doc. 4). Plaintiff contends they violated his civil and constitutional rights through "coercion, threats, and intimidation also dereliction of duty and

-1-

negligence." *Id.*

He alleges that members of the task force conspired with confidential informant Jerry Blount, to entrap him into making multiple drug sales (Doc. 2). Plaintiff asserts that he was coerced into taking a plea agreement (Doc. 2). He states he was threatened with being charged as a habitual offender if he did not take the plea. *Id.*

As relief, Plaintiff asks for compensatory and punitive damages in the amount of 2.5 million dollars from each Defendant. He also asks for his record to be expunged and his civil rights to be reinstated.

## 2. Discussion

Plaintiff's claims are subject to dismissal. Kao Lee, a public defender, is not subject to suit under § 1983. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. See also Gilbert v. Corcoran, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

The prosecuting attorney, Amy Driver, is likewise not subject to suit. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, at 430. See also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal

-2-

prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity.  See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

As to Plaintiff's claims against the remaining Defendants, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  See e.g., Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 483-89 (1994); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).  Plaintiff may not seek damages from these Defendants either.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id., at 486-87.  Plaintiff's conviction has not been reversed or otherwise declared invalid.

### 3.  Conclusion

Accordingly, I recommend that Plaintiff's damages claims against Sheriff Helder, the Members of the 4th Judicial Drug Task Force, and Jerry Blount be dismissed without prejudice to his right to refile these claims should his conviction ever be invalidated.  See Schafer v. Moore, 46

F.3d 43, 45 (8th Cir. 1995)(per curiam).  I recommend that Plaintiff's remaining claims be dismissed with prejudice, as they fail to state a claim upon which relief may be granted and assert claims against individuals immune from suit.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of February 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE